# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: June 17, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| IRVING KODIMER, | * | |
| | * | No. 17-140V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES | * | Joint Stipulation |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * | | |

<u>Amy A. Senerth</u>, Muller Brazil, LLP, Dresher, PA, for petitioner.
<u>Lara A. Englund</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 9, 2019, Irving Kodimer ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Pet. Fees App.") (ECF No. 60). For the reasons discussed below, I **GRANT** petitioner's motion for attorneys' fees and costs and award a total of **$21,660.80**.

### I.      Procedural History

On January 30, 2017, petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that he suffered from bilateral shoulder injuries and sequalae as a result of receiving influenza ("flu") and pneumococcal vaccinations on October 19, 2015. *Id*. at ¶ 1.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id*. **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id*.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On April 5, 2019, respondent filed a stipulation in which he stated that a decision should be entered awarding compensation to petitioner.  Stipulation for Award (ECF No. 54).  Respondent denied that petitioner's alleged injuries and residual effects were caused-in-fact by the flu and/or pneumococcal vaccinations.  *Id*. at ¶ 6.  Nevertheless, the parties agreed that the issues between them should be settled and a decision should be entered awarding compensation to petitioner.  I adopted the Stipulation for Award as my Decision awarding damages on April 8, 2019.  (ECF No. 55).

On May 9, 2019, petitioner filed a motion for attorneys' fees and costs.  Pet. Fees App. (ECF No. 60).  Petitioner requests compensation for his attorney, Ms. Amy Senerth, in the total amount of $21,660.80.  This represents $18,350.20 in attorneys' fees and $3,310.60 in costs.  Pet. Fees App. at 1-2.

On May 9, 2019, respondent filed a response to petitioner's motion which provides that "[r]espondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Response at 2-3 (ECF No. 61).  Petitioner did not file a reply.  The matter is now ripe for adjudication.

## II.     Legal Standard

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1).  Petitioner in this case was awarded compensation pursuant to a Stipulation and therefore he shall be awarded reasonable attorneys' fees and costs.

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation.  *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993).  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id*. at 484 n.1.  The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).  Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### III.     Reasonable Attorneys' Fees and Costs

#### a.  Hourly Rate

Petitioner requests compensation for his attorneys Ms. Amy Senerth, Mr. Clark Hodgson, and Mr. Max. Muller.  Pet. Fees App. at 1.

Petitioner requests that Ms. Senerth be compensated at $225.00 an hour in 2017, $233.00 an hour in 2018, and $250.00 an hour in 2019. Additionally, petitioner requests compensation for additional attorneys at Muller Brazil, LLP, Mr. Hodgson and Mr. Muller as well as three paralegals at various points in this litigation. The rates requested conform with what other special masters and I have consistently awarded the attorneys and paralegals at Muller Brazil.  *Hardy v. Sec'y of Health & Human Servs.*, No. 17-232V, 2018 WL 6822356, at *2 (Nov. 26, 2018); *Litz v. Sec'y of Health & Human Servs.*, No. 17-0155V, 2019 WL 2296738, at *1 (Fed. Cl. Spec. Mstr. Mar. 21, 2019); *Mohler v. Sec'y of Health & Human Servs.*, No. 16-1404V, 2018 WL 3989515 (July 2, 2018).  Therefore, I find no reductions are necessary for the requested hourly rates.

#### b.  Hours Expended

As noted previously, a line-by-line evaluation of the invoiced hours is not required; instead, I may rely on my experience to evaluate the reasonableness of the hours expended. *Wasson*, 24 Cl. Ct. at 484.  Accordingly, I may reduce the number of hours claimed based on past experience. *Saxton*, 3 F.3d at 1521.  Petitioner requests $18,350.20 in attorneys' fees.  After review of the hours billed, I find that the hours billed are reasonable and no reductions are necessary.  Accordingly, petitioner is awarded attorneys' fees in the amount of **$18,350.20**.

#### c.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $3,310.60 in attorneys' costs.  These include the costs of obtaining medical records, personal servicer to serve a subpoena for medical records, and postage.  These costs are typical of the expenses in the Vaccine Program.  The amounts are reasonable and adequately documented.  Therefore, these costs will be awarded in full.

Petitioner is also requesting $2,500.00 for the retainer of Dr. Gershwin.  Although no expert report was prepared as petitioner accepted respondent's offer (ECF No. 50), Dr. Gershwin spent 6.5 hours reviewing the petitioner's records and speaking with petitioner's counsel.  Pet. Fees App. at 27.  Dr. Gershwin is requesting the value of his retainer of $2,500.00.  Special masters have awarded attorneys' costs for an expert's retainer if the expert reviewed the records, even if no expert report is filed.  *See, e.g. Forrest v. Sec'y of Health & Human Servs.*, No. 10-32V, 2018 WL 3029330 (May 22, 2018); *Glaser v. Sec'y of Health & Human Servs.*, No. 06-764V, 2016 WL 4483022 (June 29, 2016).  I find that Dr. Gershwin's retainer is reasonable as he performed 6.5 hours of expert services for petitioner.  This would represent an effective hourly rate of less than $400.00 an hour which is reasonable.  Therefore, I will award the requested attorneys' costs of **$3,310.60** without adjustment.

IV.     Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**.  I will award petitioner attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $18,350.20 |
| (Total Reduction of Fees) | - |
| **Attorneys' Fees Awarded** | **$18,350.20** |
| | |
| Attorneys' Costs Requested | $3,310.60 |
| (Reduction of Costs) | - |
| **Attorneys' Costs Awarded** | **$3,310.60** |
| | |
| **Total Amount of Attorneys' Fees and Costs** | **$21,660.80** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $21,660.80, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and his counsel, Ms. Amy A. Senerth.**[3]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).